# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 9, 2026

```
* * * * * * * * * * * * * * * * * * * * * * * *
MARYEILEEN SCOTT,                     *        UNPUBLISHED
                                      *
              Petitioner,             *        No. 21-2159V
v.                                    *
                                      *        Special Master Nora Beth Dorsey
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *        Joint Motion to Dismiss; Onset; Tetanus,
                                      *        Diphtheria, Acellular Pertussis ("Tdap")
                                      *        Vaccine; Rabies Vaccine; Brachial Neuritis.
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Milton Clay Ragsdale, IV, Law Offices of M. Clay Ragsdale, Birmingham, AL, for Petitioner.
Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On November 12, 2021, Maryeileen Scott ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, et seq.,[2] (the "Vaccine Act" or "Program") alleging that as a result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine she received on November 19, 2018, she suffered a Table injury of brachial neuritis. Petition at 1-2 (ECF No. 1). In the alternative, Petitioner alleged a causation-in-fact claim of brachial neuritis following her November 19, 2018 Tdap vaccination. Id. Petitioner acknowledged that she also received the third of a series of three doses of the rabies

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

vaccine on the same day, November 19, 2018.  Id. at 1.  The rabies vaccine is a non-covered vaccine.  See 42 C.F.R. § 100.3(a).

On January 7, 2026, the undersigned issued a ruling finding Petitioner's onset of pain occurred after Petitioner received her second rabies vaccination on November 5, 2018 and two weeks prior to the administration of her Tdap vaccine on November 19, 2018, and therefore, her onset preceded her covered Tdap vaccination and occurred after a non-covered vaccine.  Fact Ruling on Onset dated Jan. 7, 2026 (ECF No. 52).

On February 6, 2026, Petitioner filed a joint motion to dismiss.  Joint Motion to Dismiss, filed Feb. 6, 2026 (ECF No. 54).  Petitioner states that she understands that a decision will issue pursuant to § 12(d)(3) dismissing this case on terms that the special master or the court considers proper.  Id. at 1.  Petitioner indicates that she further understands that the dismissal of this case will be with prejudice and will result in a judgment pursuant to Vaccine Rule 11 for purposes of § 21(a).  Id.  Petitioner reserves the right to seek review and the right to file a civil action.  Id.

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination.  See §§ 11(c)(1), 13(a)(1)(A).  The records submitted by petitioner show that she does not meet the statutory requirement under § 11(c)(1)(D)(i) to establish entitlement to compensation.  The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program."  Black v. Sec'y of Health & Hum. Servs., 93 F.3d 781, 785-87 (Fed. Cir. 1996).

Accordingly, in light of the joint motion and a review of the record, the undersigned finds that Petitioner is not entitled to compensation.  **Thus, this case is dismissed.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

2